# CHARLESTON

SOUTH PENN OIL CO. *v.* GARDNER OIL & GAS CO. *et al.*

Submitted February 18, 1914. Decided May 19, 1914.

CANCELLATION OF INSTRUMENTS—*Mining Lease—Sufficiency of Bill— Demurrer.*

In a suit by a senior lessee of oil and gas in a tract of 340 acres

of land, to cancel a junior oil and gas lease, made by the same lessor on a tract of 45½ acres, alleged to be within the bounds of the former, the court dismissed the bill on demurrer on the ground that the alleged description of the tract leased to plaintiff was too vague and uncertain for identification. When the lease was made the lessor was the owner of both mineral and surface in a tract of 200 acres, the owner of all the mineral underlying an adjoining tract of 211 acres and also the owner of 45½ acres of surface carved out of it. The boundaries of the senior lease are described by reference to lines of certain named land-owners. It does not appear from the bill who are the owners of the remainder of the surface of the 211 acre tract, nor into how many smaller tracts it may be divided. HELD: That it can not be determined from the bill and exhibits that the boundaries of the lease are uncertain, and the demurrer should have been overruled.

Appeal from Circuit Court, Kanawha County.

Bill by the South Penn Oil Company against the Gardner Oil & Gas Company and others. Judgment for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*A. B. Fleming, Charles Powell,* and *Kemble White,* for appellant.

*C. J. Van Fleet,* for appellees.

WILLIAMS, JUDGE:

From a decree of the circuit court of Kanawha county dismissing its bill plaintiff has appealed. Plaintiff and defendant Gardner Oil & Gas Company are oil and gas lessees of Fred Gardner a common lessor. Plaintiff's lease is the older, and was duly recorded before defendant obtained its lease. Claiming that the Gardner Oil & Gas Company's lease covers a portion of the territory previously leased to it, plaintiff brought this suit to cancel it, as constituting a cloud on its title. The court sustained the demurrer and dismissed plaintiff's bill, on the ground that it appeared on the face of the bill that its lease was void for want of sufficient description of boundaries. The sole question presented is this: Does it appear from the bill and exhibits that the boundaries of plaintiff's lease are uncertain? The boundaries in the lease are as follows, viz.: ''On the North  by  lands of D. Jarrett &

others On the East by lands of J. H. Hughes, & others On
the South by lands of Geo. Acree & others On the West by
lands of ........... Wertz & others Containing 340 acres,
more or less, and being same land conveyed to the first part by
................, by deed bearing date......, 1.........."

At the date of the lease Fred Gardner, the lessor, was the
owner in fee of a tract of 200 acres, the owner of the minerals
in an adjoining tract of 211 acres and also the owner of 45½
acres of surface carved out of the 211 acre tract. He was, there-
fore, the owner of 411 acres of continuous minerals.    The
boundaries of the Gardner Oil & Gas Company's lease for the
45½ acres are described by courses and distances, and the
bill alleges that it is wholly within the bounds of plaintiff's
lease.   Counsel for the junior lessee insists that, inasmuch
as the bill and exhibits show that the lessor was the owner of
two contiguous tracts of mineral, one containing 200 acres and
the other 211 acres, and leased to plaintiff only 340 acres,
without laying it off, or specifically designating the boundar-
ies, there is a patent ambiguity in the description making it
impossible to identify the leased premises and rendering it
void for uncertainty.   The fault with this contention is, that it
leaves out of consideration certain physical facts which may
appear on the ground and which may make the description
certain, but which do not and need not appear in the bill.   The
description of plaintiff's lease, set out in the bill and the
lease itself exhibited with it, bounds it on every side by refer-
ence to lines of other landowners, and names the quantity
thus bounded as 340 acres, and from aught we can tell, from
the bill and exhibits, it may be exactly so.   Gardner owned
45½ acres of the surface of the 211 acre tract, but it does
not appear who owns the balance of the surface, nor into how
many different tracts it is divided, if divided at all.   Plain-
tiff's lease, being for 340 acres, necessarily includes the oil
underlying more of the 211 acre tract than 45½ acres.   It
must do so in order to make up the acreage in plaintiff's
lease.   But may it not include a tract of 95 acres of surface,
if there is such a tract, and still leave plaintiff's lease bound-
ed by the lines of the surface owner next to it?   We can not
tell if such is, or is not the case.   If it is, it would fit the des-
cription in the lease.   By reference to the lines of other lands,

the lessor does not say, nor is it to be implied that he meant, that the lands referred to bounded on his surface lands. He owned more mineral than surface, and the lines of other land-owners were designated to delimit the lease which embraced less mineral, but more surface, than he owned. The owner of the surface only is a land-owner within the meaning of the lease. The question sought to be raised by the demurrer is one of fact, not appearing from the bill, but depending upon proof. Description of land by reference to lines of other land-owners is a sufficient identification, if the lines adopted can be identified on the ground. The legal maxim is, that is certain which is capable of being made certain. It does not appear that plaintiff can not prove the location of its lines on the ground, just as they are described in the bill. The bill is sufficient and the demurrer thereto should have been over-ruled. The decree is reversed and the cause is remanded for further proceedings to be therein had according to the rules and principles governing courts of equity.

*Reversed and Remanded.*